IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-157 |
| | § | C.A. No. C-05-423 |
| JUAN RODRIGUEZ MARTINEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION**

Pending before the Court is Defendant-Movant Juan Rodriguez Martinez's ("Martinez") motion for reconsideration. (D.E. 43).[1] In his motion, he argues that the Court erroneously denied his § 2255 motion, and reiterates the same arguments he raised in his § 2255 motion and the numerous other documents and motions he previously filed with the Court, all of which were addressed in the Court's memorandum opinion and order. (D.E. 41).

Although Martinez does not identify any rule pursuant to which he challenges the Court's prior order, the Court construes it as a motion pursuant to Fed. R. Civ. P. 59. See Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000) (a motion that challenges a prior judgment on the merits is treated as a Rule 59(e) motion if it is served within ten days after

---

[1] Docket references in this Order are to the criminal case, Cr. 04-157.

1

entry of the judgment); United States v. Cook, 670 F.2d 46, 48 (5th Cir.), cert. denied, 456 U.S. 982 (1982) ("Although a petition for rehearing of a district court order affecting final judgment is nowhere explicitly authorized in the Federal Rules of Criminal Procedure it is undoubtedly a legitimate procedural device.")

In this case, judgment was entered on May 9, 2006; thus, Martinez had until May 23, 2006 to file a motion under Rule 59.  See Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."); Fed. R. Civ. P. 6(a) (in computing time under the rules, any period less than 11 days excludes Saturdays, Sundays and legal holidays).  Martinez has provided a sworn certification that he delivered the motion to prison officials on May 20, 2006, and the document is thus deemed filed as of that date.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (motions filed by *pro se* prisoners are generally deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk").

A motion to alter or amend a judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence.  In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002).  Martinez does not present newly discovered evidence that would warrant a different outcome in his § 2255 proceedings.  Similarly, the Court has reviewed his arguments and concludes that he has not established a manifest error of law or fact that affects the Court's ultimate resolution of his motion.

Accordingly, his motion to reconsider and combined motion to dismiss his indictment (D.E. 43) is DENIED. He is free, of course, to direct the same arguments to the United States Court of Appeals for the Fifth Circuit, by filing a timely notice of appeal and seeking a certificate of appealability from that Court.

It is so ORDERED this 14th day of June, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE